**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **LIBERTY INSURANCE UNDERWRITERS INC.** | § § § | |
| | § | **CIVIL ACTION NO.  4:17-CV-559** |
| *PLAINTIFF* | § § | |
| **DARQUEA HOME IMPROVEMENTS, L.L.C.** | § | **JURY TRIAL DEMANDED** |
| *DEFENDANT* | § § | |

**PLAINTIFF LIBERTY INSURANCE UNDERWRITERS INC.'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Liberty Insurance Underwriters Inc. ("LIUI") petitions this Court for a declaratory judgment against Defendant Darquea Home Improvements, L.L.C. ("Darquea"). LIUI requests that this Court rule that it has no duty to defend or indemnify Darquea in an underlying personal injury lawsuit. LIUI respectfully shows the Court as follows:

**I.
PARTIES**

1.      LIUI is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Boston, Massachusetts.

2.      Darquea Home Improvements, L.L.C. is a limited liability company that may be served through its registered agent, United States Corporation Agents, Inc., located 9900 Spectrum Drive, Austin, Texas 78717. Upon information and belief, Darquea Home Improvements, L.L.C. does not have any managers and management of the company is reserved to the members. The managing member of Darquea Home Improvements, L.L.C. is Alejandro Darquea, who resides at 310 Callie Ct., Wylie, Texas 75098.

## II.
## JURISDICTION & VENUE

3.     This court has subject matter jurisdiction over this lawsuit pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

4.     In addition, this court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

5.     Venue is proper in this Court under 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred within this District and within this Division.

6.     Venue is also appropriate in this Court under 28 U.S.C. §1391(a)(3) because the Defendant has, at all material times, conducted business in the State of Texas.

## III.
## THE UNDERLYING SUIT

7.     This insurance coverage action arises from an underlying personal injury lawsuit styled *Ana Maria Apoderado, Individually and On Behalf of the Estate of Luis Ramos-Obando, and as Next Friend to Minors, K.R., L.R., J.P.R., and Surviving Parents, Luis Ramos and Ma Christina Obando, and on Behalf of All Wrongful Death Beneficiaries v. Darquea Home Improvements, L.L.C.*; Cause No. 429-02038-2015; In the 429th Judicial District Court, Collin County, Texas (the "Underlying Lawsuit"). Darquea, the named insured under the LIUI Policy, has been named as a defendant in the Underlying Lawsuit. The Plaintiff's Third Amended Petition With Request for Disclosure (the "Petition") in the Underlying Lawsuit is attached as Exhibit A. The following factual allegations are taken from the Petition.

8.      In the Underlying Lawsuit, Plaintiff Ana Maria Apoderado ("Plaintiff") alleges that on or about March 16, 2015, Decedent Ramos-Obando ("Decedent") was on the premises of 606 Seminole Trail, Murphy, Texas, and that Darquea was in control of the premises and all construction occurring on the premises.

9.      Plaintiff alleges that Decedent was within the proximity of the deck to the residence when the roof collapsed and fell on the Decedent. Plaintiff alleges that a blunt force struck the head of the Decedent causing his demise.

10.     Plaintiff alleges that Darquea was in control and possession of the construction occurring within the premises, and did not take any precautions to ensure the safety of Decedent nor warn of any dangers.

11.     Plaintiff alleges that Darquea's negligence and negligence per se were the proximate cause of Decedent's personal injuries.

12.     Plaintiff alleges that Darquea is guilty of negligence, negligence per se, gross negligence, and malice, which were the direct and proximate cause of Decedent's injuries.

13.     Plaintiff seeks damages for medical expenses, physical pain, past and future mental anguish, past physical impairment, past and future lost wages and loss of earning capacity, loss of care, maintenance, and advice, loss of role model and counsel, and funeral costs.

## IV.
## THE LIUI POLICY

14.     LIUI issued Commercial General Liability Policy No. SFG002300-0115 (the "Policy") to Darquea Home Improvements with a policy period of January 19, 2015 to January 19, 2016, and a $1,000,000 Each Occurrence Limit.

15.     The Policy provides coverage for bodily injury pursuant to the terms and conditions of the Insuring Agreement contained in the Commercial General Liability Coverage

Form [CG 00 01 04 13]:

## SECTION I – COVERAGES

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

        **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

        **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payments of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

        **(3)** Prior to the policy period, no insured listed in Paragraph **1.** of Section **II** – Who is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or

"property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who is an Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who is an Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage;" or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

16.    Section V – Definitions in the Policy defines "occurrence" in relevant part as

follows:

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17.    The Policy includes an "Exclusion of Injury to Employees, Contractors and

Employees of Contractors Endorsement" [CGL 4017-1213], which states as follows in relevant

part:

## EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS ENDORSEMENT

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

The following replaces Exclusion **e.** under Paragraph **2.** Exclusions of **Section I – Coverages – Bodily Injury and Property Damage** Liability:

**2. Exclusions**

This insurance does not apply to:

> **e.     Injury to Employees, Contractors and Employees of Contractors**
>
>> i.     "Bodily injury" to any type of "employee" or worker of any insured, to any contractor hired or retained by or for any insured or to any employee of such contractor, if such claim for "bodily injury" arises out of and in the course of his employment or retention of such contractor by or for any insured, for which any insured may become liable in any capacity;
>>
>> ii.    Any obligation of any insurance or contract to indemnify or contribute with another because of damages arising out of the "bodily injury"; or
>>
>> iii.   "Bodily injury" sustained by the spouse, child, parent, brother or sister of any employee of any insured, or of a contractor, or of an employee of a contractor of any insured as a consequence of bodily injury to such employee, contractor or employee of such contractor, arising out of and in the course of such employment or retention by or for any insured.

This exclusion applies to all claims and "suits" by any person or organization for damages because of such "bodily injury", including damages for care and loss services.

18.     Section V – Definitions included in the Policy defines "Employee" as follows in

relevant part:

> 5.     "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

19.     Section V – Definitions included in the Policy defines "Leased worker" as follows

in relevant part:

10.     "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

20.     Section V – Definitions included in the Policy defines "Temporary worker" as

follows in relevant part:

19.     "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

21.     Section V – Definitions included in the Policy defines "Volunteer worker" as

follows in relevant part:

20.     "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts as the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed by you.

22.     The Policy includes an "Excluded Operations" [CGL 4006-1213] Endorsement,

which states as follows in relevant part:

## EXCLUDED OPERATIONS

This insurance will not provide coverage or supplementary payments for defense or expense costs under any part of the policy for any claim or "suit" arising wholly or in part out of any:

d)   Roofing or roof related work, including any construction, repair, maintenance, cleaning, or inspection of any roof;

23.     The Policy includes an "Exclusion – Punitive Damages" [CGL 4030-0114]

Exclusion, which states as follows in relevant part:

## EXCLUSION – PUNITIVE DAMAGES

It is understood and agreed that the policy is amended by the addition of the following exclusion:

This insurance does not apply to any claim, award of, liability, or loss for, punitive or exemplary damages.

This endorsement does not change any other provisions of the policy.

**V.**
**COUNT I – DECLARATORY RELIEF AS TO THE DUTY TO DEFEND**

24.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

25.     An actual controversy of a justiciable nature presently exists between LIUI and the insured defendants concerning the rights and obligations of the parties to the Policy with respect to the Underlying Lawsuit.

26.     LIUI seeks a judicial determination that it has no duty to defend Darquea in the Underlying Lawsuit because the Decedent died while working for or on behalf of Darquea as an "employee" or worker, or contractor retained by or for Darquea.

**VI.**
**COUNT II – DECLARATORY RELIEF AS TO THE DUTY TO INDEMNIFY**

27.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

28.     An actual controversy of a justiciable nature presently exists between LIUI and Darquea concerning the rights and obligations of the parties to the Policy with respect to the Underlying Lawsuit.

29.     LIUI seeks a judicial determination that is has no duty to indemnify Darquea against any damages awarded or judgments entered in the Underlying Lawsuit because the Decedent died while working for or on behalf of Darquea as an "employee" or worker, or contractor retained by or for Darquea.

30.     LIUI seeks a judicial determination that it has no duty to indemnify Darquea against any damages awarded or judgments entered in the Underlying Suit to the extent it is determined that Pearce's death was not the result of an accident or "occurrence," as that term is defined in the Policy.

31.     LIUI seeks a judicial determination that it has no duty to indemnify Darquea against any damages awarded or judgments entered in the Underlying Lawsuit to the extent that Darquea is held liable for punitive or exemplary damages.

32.     LIUI seeks a judicial determination that it has no duty to indemnify Darquea against any damages awarded or judgments entered in the Underlying Lawsuit to the extent it arises out of, in whole or in part, any "Roofing or roof related work, including any construction, repair, maintenance, cleaning, or inspection of any roof;".

## VII.
## CONDITIONS PRECEDENT

33.     All conditions precedent to LIUI's claims for relief have been performed or have occurred.

## VIII.
## REQUEST FOR DECLARATORY RELIEF

34.     LIUI repeats and incorporates by reference Paragraphs 1 through 3 as though set forth fully herein.

35.     An actual controversy of a justiciable nature presently exists between LIUI and Darquea concerning the rights and obligations of the parties to the Policy with respect to the Underlying Lawsuit.

36.     LIUI seeks a declaration that it does not have a duty to defend Darquea under the Policy for any of the claims alleged against Darquea in the Underlying Lawsuit.

37.     LIUI seeks a declaration that it does not have a duty to indemnify Darquea under the Policy for any of the claims alleged against Darquea in the Underlying Lawsuit.

## IX.
## JURY DEMAND

38.     LIUI demands a jury trial.

# X.
# PRAYER FOR RELIEF

Based upon the foregoing, Plaintiff Liberty Insurance Underwriters Inc. prays that the Court issue a declaration that LIUI has no obligation under the Policy to defend or indemnify Darquea for any of the claims brought in the Underlying Lawsuit, and award LIUI all other relief to which it is entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:      */s/  Brian S. Martin*      _____
BRIAN S. MARTIN, Attorney-In-Charge
Texas State Bar No.:  13055350
*E-Mail:* bmartin@thompsoncoe.com
CHRISTINA A. CULVER
Texas State Bar No.  24078388
*E-mail:*  cculver@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas   77056-1988
(713) 403-8282  Telephone
(713) 403-8299  Facsimile

**COUNSEL FOR PLAINTIFF**
**LIBERTY INSURANCE UNDERWRITERS INC.**